IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILSON DEWAYNE ANSLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0362 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

On December 21, 2006,[1] petitioner filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody wherein he challenges his state court conviction and sentence. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application is time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and should be DISMISSED.

I.
PROCEDURAL HISTORY

In his application, petitioner advises that on June 13, 1996, in the 47th Judicial District Court

---

[1] Petitioner attests his application was placed in the prison mailing system on December 22, 2006, however, this Court also received said application on December 22, 2006. A metered postage stamp reflects a date of December 21, 2006, consequently, the Court will use the December 21, 2006 date as the filing date. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

of Randall County, Texas, he was convicted by a jury of the offense of aggravated sexual assault, and was assessed a sentence of life imprisonment. Petitioner directly appealed his conviction and sentence to the Court of Appeals for the Seventh District of Texas who, on August 26, 1998, affirmed petitioner's conviction and sentence. *Ansley v. State*, No. 07-96-0225-CR.

On July 7, 2000, petitioner filed a state application for a writ of habeas corpus challenging his conviction. On February 21, 2001, the Texas Court of Criminal Appeals denied petitioner's application without written order based on trial court findings without a hearing. *In re Ansley*, No. 46,779-02.

Petitioner did not file a petition for discretionary review seeking review of the August 26, 1998 intermediate appellate court's decision until September 8, 2005. On October 20, 2005, the Texas Court of Criminal Appeals dismissed the petition for discretionary review as untimely filed. *Ansley v. State*, No. PD-1446-05.

On October 31, 2005, petitioner filed a second state application for a writ of habeas corpus. On December 6, 2006, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Ansley*, No. 46,779-04. Petitioner placed the instant federal habeas application in the prison mailing system on December 21, 2006, and such application was received by this Court and filed of record on December 22, 2006.

II.
GROUNDS

Petitioner alleges his conviction and sentence are in violation of the Constitution and/or laws of the United States for the following reasons:

1. Petitioner's conviction for aggravated sexual assault was based upon outcry testimony made after more than a year after the offense was alleged to have

occurred in violation of state law;

2. Petitioner was denied a fair trial because a mistrial should have been granted after the State utilized outcry testimony made more than a year after the offense was alleged to have occurred;

3. The State committed prosecutorial misconduct in violating the ex post facto clause and allowed the jury to convict an innocent person;

4. Petitioner was denied effective assistance of counsel because appellate counsel failed to raise the above issues on appeal; and

5. Petitioner was denied due process because there is insufficient evidence to support petitioner's conviction based on the state case of *Carmel v. Texas*,[2] case law that was not available to decide the factual/legal basis of petitioner's case.

III.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could

---

[2] Petitioner has failed to provide a citation for *Carmel v. Texas*.

have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, petitioner was convicted on June 13, 1996. Petitioner's conviction was affirmed on direct appeal on August 26, 1998. Petitioner did not timely file a petition for discretionary review, therefore, petitioner's conviction became final on September 25, 1998, after expiration of the 30-day time period allowed under Texas law for filing a petition for discretionary review. Tex. R. App. P. 68.2(a) (1998). Consequently, any federal habeas application was due on or before September 24, 1999. Petitioner is not entitled to any tolling because he did not file his state writ application until December 14, 2005. Petitioner failed to file the instant federal habeas application until December 21, 2006, consequently, petitioner's federal habeas application is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner WILSON DEWAYNE ANSLEY be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this <u>29th</u> day of December 2006.

                                                         _____
                                                         CLINTON E. AVERITTE
                                                         UNITED STATES MAGISTRATE JUDGE


## \* **<u>NOTICE OF RIGHT TO OBJECT</u>** \*

    Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).